

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

RICHARD SCHUMACHER, et al.                      )     NO. ED CV 15-0944 FMO (SPx)
                                                )
                        Plaintiffs,             )
                                                )
          v.                                    )     **ORDER RE: MOTION TO DISMISS**
                                                )     **COMPLAINT AND FOR A MORE DEFINITE**
PULTEGROUP, INC., et al.                        )     **STATEMENT**
                                                )
                        Defendant.              )
_____ )

          Having reviewed all the briefing filed with respect to defendants' Motion to Dismiss and for a More Definite Statement ("Motion"), the court concludes as follows.

          Many motions to dismiss can be avoided if the parties confer in good faith (as required by Local Rule 7-3), especially for perceived defects in a complaint, answer or counterclaim that could be corrected by amendment.  See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment).  Moreover, a party has the right to amend the complaint "once as a matter of course[.]"  Fed. R. Civ. P. 15(a)(1).  Even after a complaint has been amended or a responsive pleading has been served, the Federal Rules of Civil Procedure provide that "[t]he court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The Ninth Circuit requires that this policy favoring amendment be applied with "extreme liberality."  Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001);  Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).

Given the policy favoring amendment of complaints and that plaintiffs are, in effect, entitled to amend the complaint, "once as a matter of course," see Fed. R. Civ. P. 15(a)(1), the court will grant defendants' Motion and dismiss plaintiffs' Complaint with leave to amend.  In preparing the First Amended Complaint, plaintiffs shall carefully evaluate the contentions set forth in defendants' Motion.  The court expects that defendants will agree to any amendment(s) that will cure the alleged defect(s).

Based on the foregoing, IT IS ORDERED THAT:

1.      Defendants' Motion to Dismiss **(Document No. 15)** is **granted**, and the hearing on defendants' Motion, currently set for August 13, 2015, is hereby **vacated**.

2.      The Complaint is **dismissed with leave to amend**.

3.      If plaintiffs still wish to pursue this action, they are granted until **August 18, 2015**, to file a First Amended Complaint attempting to cure, to the extent they believe is warranted by existing law, the alleged defects outlined in defendant's Motion.

4.      The First Amended Complaint must be labeled "First Amended Complaint," filed in compliance with Local Rule 3-2 and contain the case number assigned to the case, i.e., Case No. CV 15-0944 FMO (SPx).  In addition, plaintiffs are informed that the court cannot refer to a prior pleading in order to make the First Amended Complaint complete.  Local Rule 15-2 requires that an amended pleading be complete in and of itself without reference to any prior pleading.  This is because, as a general rule, an amended pleading supersedes the original pleading.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), overruled in part, Lacey v. Maricopa County, 693 F.3d 896 (9th Cir. 2012) (en banc).

5.      Plaintiffs are cautioned that failure to timely file a First Amended Complaint may result in this action being dismissed without prejudice for failure to prosecute and/or failure to comply with a court order.  See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

6.      Defendants shall file their Answer to the First Amended Complaint or a motion pursuant to Fed. R. Civ. P. 12 no later than **September 1, 2015**.

7.    In the event defendants wish to file another motion to dismiss, then counsel for the parties shall, on **August 25, 2015, at 10:00 a.m.**[1] meet and confer to discuss defendants' motion to dismiss.  Defendants' motion must include copies of all meet and confer letters as well as a declaration that sets forth, in detail, the entire meet and confer process (i.e., when and where it took place, how long it lasted and the position of each attorney with respect to each disputed issue that will be the subject of the motion).  Failure to include such a declaration will result in the motion being denied.

Dated this 4th day of August, 2015.

_____
/s/
Fernando M. Olguin
United States District Judge

---

[1]   Counsel may agree to meet and confer at another time and place without seeking court approval for such an agreement.